1 | Robert A. Johnson, SBN 155938
2 | Sandra V. Biggs, SBN 175930
  | ROBERT JOHNSON LAW CORPORATION
3 | 34197 Pacific Coast Highway, Suite 100
  | Dana Point, CA 92629
4 | Telephone: (949) 498-4999
  | Facsimile: (949) 498-4998
5 | Email: robert@robertjohnsonlaw.com

Attorneys for Plaintiffs and Counter-Defendants
Agit Global, Inc. and Tzong In Yeh

7 | Jeffrey J. Zuber, SBN 220830
  | Benjamin C. Deming, SBN 233867
8 | Raymond C. Sun, SBN 138363
  | ZUBER & TALLIEU LLP
9 | 777 S. Figueroa Street, 37th Floor
  | Los Angeles, CA 90017
10 | Telephone: (213) 596-5620
   | Facsimile: (213) 596-5621
11 | Email: jzuber@ztllp.com

Attorneys for Defendants and Counter-Claimants
Sport Dimension, Inc. and Stallion (Asia) Limited

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGIT GLOBAL, INC. a Taiwanese corporation; and TZONG IN YEH, also known as John Yeh, an individual, | Case No.: CV10-05257 CAS (JCx) |
| Plaintiffs | **ORDER ON STIPULATION FOR PROTECTION OF CONFIDENTIAL AND PROPRIETARY INFORMATION** |
| v. | |
| SPORT DIMENSION, INC. a California corporation; STALLION (ASIA) LIMITED, a Hong Kong corporation; and DOES 1 through 20; inclusive, | **[CORRECTION MADE TO PARAGRAPHS 10(C) AND 10(D); CHANGE MADE TO PARAGRAPH 24]** |
| Defendants. | Assigned to: Judge Christina A. Snyder |
| | Assigned to: Magistrate Jacqueline Chooljian |
| AND RELATED COUNTER-CLAIM | |

WHEREAS, discovery in this action may involve disclosure of confidential, private, proprietary, trade secret, technical, business, personal and financial information not previously disclosed (hereinafter referred to as "Protectable Information");

WHEREAS, the parties to this action Plaintiffs and Counter-Defendants AGIT GLOBAL, INC. and TZONG IN YEH and Defendants and Counter-Claimants SPORT DIMENSION, INC. and STALLION (ASIA) LIMITED, (collectively, the "Parties") have agreed to be bound by the terms of this Stipulation for Protection of Confidential and Proprietary Information, and the Order thereon ("Order"), and have agreed that the terms and conditions of this Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits and other information, regardless of the form in which it is stored and/or exchanged by the Parties in this action;

WHEREAS, this Order does not affect any rights and obligations any Party may have regarding use of information or documents it possesses independently of such production, any Party's contractual right to obtain and use any information or documents from another Party, or any contractual right a Party may have to obtain and use any information or documents from another Party;

IT IS HEREBY ORDERED that the terms of the Stipulated Protective Order shall be as follows:

**APPLICABILITY**

1. This Order shall be applicable to and govern all depositions, documents produced by the Parties, documents produced by third parties pursuant to subpoena, answers to interrogatories, responses to requests for admissions and all other discovery taken, as well as other information which the disclosing Party designates as Protected Information, defined herein below, hereafter furnished, directly or indirectly, by or on behalf of any Party in connection with this action.

///

**DEFINITIONS**

2.1     Party or Parties: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     Protectable Information: confidential, private, proprietary, trade secret, technical, business, personal and financial information not previously disclosed.

2.4     "Confidential" Information or Items: Protectable Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.5     "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.6     Protected Information:  Protectable Information that any Party has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.7     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8     Producing Party: a Party or non-party that produces Disclosures or Discovery Material in this action.

2.9     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

  2.10 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.10.1 Outside Counsel for Plaintiffs and Counter-Defendants shall consist of:

      Robert Johnson Law Corporation; and

      Rowlett Law Group

    2.10.2 Outside Counsel for Defendants and Counter-Claimants shall consist of:

      Zuber & Tallieu LLP

    2.10.3 A Party may add any new counsel retained to advise on issues related to this action to the lists in paragraphs 2.10.1 and 2.10.2 by providing at least ten (10) days notice of the addition by fax or email with delivery confirmation to all other Parties such that said other Parties may consider and object to, as the case may be, any conflicts of interest.

  2.11 House Counsel: attorneys who are employees of a Party.

  2.12 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

  2.13 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

  2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., reporting, transcribing, photocopying; videotaping;

translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## DESIGNATION OF PROTECTABLE INFORMATION

3. For the purposes of this Order, the actions of a Party's counsel of record shall be deemed to be the actions of that Party. For purposes of this Order, "this Action" means the above-captioned case and such other proceedings not within the jurisdiction of this Court as to which the Parties may separately agree in writing.

4. In designating Disclosure or Discovery Material as "Confidential," a Designating Party shall make such a designation only as to material which the Designating Party's attorney believes in good faith to be properly subject to a protective order under the relevant provisions of the Federal Rules of Civil Procedure or other applicable law. However specific material already disseminated or otherwise generally available to persons not connected with the businesses of any Designating Party shall not be designated as Protected Information.

5. In designating Disclosure or Discovery Material as "Highly Confidential – Attorneys' Eyes Only," a Designating Party shall make such a designation only as to material which that Designating Party's attorney believes in good faith to be of extraordinary competitive sensitivity, such that the business principals of another Party should not be given access to such information.

6. A Designating Party's authority to designate Disclosure or Discovery Material as "Confidential" or "Highly Confidential – Attorneys Eyes Only" is not limited to information in that Designating Party's possession, custody or control. Any writing or document produced, interrogatory answer or response to request for admission ("written discovery response"), now or hereafter pending, which contains or discloses any Protectable Information, may be designated as Protected Information by any Party.

7. All written discovery responses designated as Protected Information shall be marked with either the notation "Confidential" or the notation "Highly Confidential – Attorneys' Eyes Only." Such designation shall be made by conspicuously placing the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" mark on the cover and each page of the written discovery response on which Protected Information appears.

8. Documents that contain Protectable Information and are designated as Protected Information and that are produced in response to a document request or subpoena shall be marked with either the notation "Confidential" or the notation "Highly Confidential – Attorneys' Eyes Only." Such designation shall be made by conspicuously placing the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" mark on the cover and each page of the written discovery. If documents are produced in a form which is not easily marked (such as production of native files on CD, DVD, etc.), the production shall be marked conspicuously on the physical media embodying the production so as to put the Receiving Party on notice of the claim to protection.

9. The Parties shall maintain records sufficient to establish which documents have been designated as Protected Information pursuant to this Order. (The purpose of this requirement is to avoid confusion regarding documents that may have been previously marked as confidential but which are not so designated in this Action.) Such records shall be provided as requested by any Party from time to time.

**PROTECTABLE INFORMATION IN DEPOSITIONS**

10. If any Protectable Information is the subject of inquiry at a deposition, the portion of the original of the transcript which sets forth or contains information may be designated as Protected Information and the Protected Information shall be sealed and held by the court reporter and shall not be filed except pursuant to Paragraph 21 of this Order.

     a.    In the case of deposition testimony or Protectable Information attached as an Exhibit to a deposition, counsel may make the designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the record.

     b.    Alternately, at the time of deposition, counsel may reserve the right to designate any portion of the deposition transcript, including any Exhibit attached thereto, as Protected Information if counsel has a good faith belief that the deposition transcript may contain Protectable Information.  If counsel reserves the right to designate a portion of the deposition transcript, or any Exhibit attached thereto, as Protected Information, the deposition transcript in its entirety will be treated as "Highly Confidential – Attorneys' Eyes Only" for a period of fourteen (14) days following the receipt of the deposition transcript.

     c.    Where the designation of Protected Information is not made at the time of the deposition as provided in paragraph 10(a) above, the Designating Party shall list on a separate piece of paper the numbers of pages of the transcript containing Protected Information, and mail copies of the list to all counsel of record, as well as the court reporter, so that it may be affixed to the face of the transcript and each copy thereof.

     d.    If no designation or reservation is made at the deposition as provided herein, then no portion of the deposition transcript will be treated as containing Protected Information and it may be immediately distributed or filed as appropriate.  If no designation of Protected Information is made within fourteen (14) days following the receipt of the deposition transcript when a reservation was made as provided in paragraph 10(b), no portion of the deposition transcript will be treated as Protected Information thereafter.  Provided that counsel for the Parties may agree upon an extension of the fourteen day period to make the designation as appropriate.

ORDER ON STIPULATION FOR PROTECTIVE ORDER

Agit Global, Inc. et al. v. Sport Dimension, Inc. et al.
Case No. CV10-05257 CAS (JCx)

7

**PROTECTABLE INFORMATION SUBPOENAED FROM THIRD PARTIES**

11. If documents are produced pursuant to any third party subpoena, all such documents, in their entirety, and any information contained therein, will be treated as Protected Information designated as "Highly Confidential – Attorneys' Eyes Only" for seven (7) days after receipt of the same by all Parties in the Action. A Party that receives documents pursuant to a third party subpoena, and has reason to believe that any other Party has not received the documents produced pursuant to the third party subpoena, has an obligation to give notice to all other Parties that have not received the documents produced so that they may obtain the same, if they so choose.

    a. If, within seven (7) days after the production of any document produced in response to a third party subpoena, any Party reserves the right to designate any document produced therein as Protected Information, the document or information produced will be treated as "Highly Confidential– Attorneys' Eyes Only" for an additional fourteen (14) days in order to allow such person to designate information therein as Protected Information. If no designation of Protected Information is made within the fourteen (14) days following the transmission of the letter, no portion of the subpoenaed documents will be treated as Protected Information.

    b. Designation of the Protectable Information as "Confidential" or "Highly Confidential– Attorneys' Eyes Only" may be made by giving written notice to all counsel of record of the designation by giving the page number of the subpoenaed documents, or sufficiently describing the page to be designated and by indicating whether the page is to be designated as "Confidential" or "Highly Confidential– Attorneys' Eyes Only." Thereafter, all counsel must mark any copies of said documents with the appropriate designations as provided in paragraph 8 above, and destroy any unmarked copies

of such documents.  Provided that, if the Designating Party designates more than seventy five (75) pages of documents per subpoenaed file, then any other party may demand that the Designating Party affix the "Confidential" or "Highly Confidential - Attorney's Eyes Only" label on the designated pages and provide marked copies for all parties.

### USE OF PROTECTED INFORMATION

12.   Any document, written discovery response, deposition transcript, testimony or other information designated as containing Protected Information, and all information derived therefrom, shall be used solely for the purpose of this Action, and not for any business or other purpose whatsoever.  Such document, written discovery response, deposition transcript, testimony or Protected Information shall not be disclosed to anyone except as provided in this Order. Nothing contained in this Order shall affect the rights of a Party to use or disclose material that only that Party has designated as Protected Information.

### DISCLOSURE OF PROTECTED INFORMATION

13.   For purposes of this Order, disclosure of Protected Information shall mean and include any communication (whether by direct presentation, summary or otherwise) of the contents of the Protected Information or information derived from the Protected Information.

14.   Protected Information, if designated "Highly Confidential – Attorneys' Eyes Only," shall be disclosed only to:

    a.   Outside Counsel for the named Parties, who shall limit access to such documents to themselves, their employees and similar personnel, and others as permitted by this Order;

    b.   Experts or consultants retained or sought to be retained by such counsel to assist in preparation of this Action for trial, arbitration, related proceedings, or settlement, with disclosure only to the extent necessary to perform

1 such work, provided such persons agree in writing to be bound by the terms of this
2 Order by signing the Acknowledgement attached hereto as <u>Exhibit A</u>.
3        c.    The persons who are authors or addressees, or have been
4 shown by either testimony or documentary evidence to have been readers of the
5 Protected Information prior to the commencement of this Action;
6        d.    Court reporters, their staffs, and other Professional Vendors to
7 whom disclosure is reasonably necessary for this litigation and who have signed
8 the Acknowledgment attached hereto as <u>Exhibit A</u>;
9        e.    The arbitrator/mediator/discovery referee in this Action, if any,
10 and employees and similar personnel of said arbitrator/mediator/discovery referee;
11 and
12        f.    The Court and its personnel, subject to the provisions of
13 Paragraph 21 herein regarding the filing of Protected Information.
14    15.   No Disclosure of "Highly Confidential –Attorneys' Eyes Only"
15 Information shall be made to the Receiving Party or House Counsel of the
16 Receiving Party.  Notwithstanding the foregoing, Outside Counsel may, without
17 disclosing any particular information or details, provide a general summary of
18 "Highly Confidential–Attorneys' Eyes Only" to up to two (2) corporate officers
19 where necessary for purposes of settlement discussions. For example, a general
20 summary of sales revenue may be provided where necessary to discuss settlement
21 negotiations, but specific information regardless the exact amount of product sold,
22 customers and prices, may not be provided to the Receiving Party's two client
23 representatives.  Any general summary provided to the designated corporate
24 officer(s) shall be treated as Protected Information.
25    16.   Protected Information, if designated "Confidential," shall be
26 available only to:
27        a.    The persons having access to materials designated "Highly
28 Confidential – Attorneys' Eyes Only" described in Paragraph 14;

b.     The Parties and their current officers, directors, and employees (including House Counsel) deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action, provided such persons agree in writing to be bound by the terms of this Order by executing the Acknowledgment attached hereto as <u>Exhibit A</u>; and

c.     Any deposition/arbitration/trial witnesses as necessary in connection with this Action, provided such persons agree in writing to be bound by the terms of this Order by executing the Acknowledgment attached hereto as <u>Exhibit A</u>.

17.    The disclosing counsel shall provide each person identified under Paragraphs 14(b), 14(d), 16(b) and 16(c) with a copy of this Order and obtain such person's written agreement to be bound by the terms of this Order in the form of the Acknowledgment attached hereto as <u>Exhibit A</u>, a copy of which shall be provided forthwith to counsel for each Party.

**PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

18.    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

a.     The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this

1  Stipulated Protective Order promptly to the party in the other action that caused
2  the subpoena or order to issue; and
3                    b.     The purpose of imposing these duties is to alert the interested
4  Parties to the existence of this Protective Order and to afford the Designating
5  Party in this case an opportunity to try to protect its confidentiality interests in the
6  court from which the subpoena or order issued.  The Designating Party shall bear
7  the burdens and the expenses of seeking protection in that court of its confidential
8  material – and nothing in these provisions should be construed as authorizing or
9  encouraging a Receiving Party in this action to disobey a lawful directive from
10 another court.

**INADVERTENT NONDESIGNATION OF PROTECTED INFORMATION**

13         19.    If a Designating Party learns that, by inadvertence or otherwise, the
Designating Party has disclosed, or any other person has disclosed, Protectable
Information that the Designating Party intended to designate as Protected
Information but did not designate as Protected Information before the same was
disclosed, the Designating Party must immediately notify counsel to all Parties in
writing of its intention to designate the Protected Information. If possible, the
Receiving Party shall then return such materials and not retain copies thereof. If
possible, the party who failed to designate shall thereafter promptly provide the
Receiving Party's counsel substitute copies of such materials designated as
"Confidential" or "Highly Confidential - Attorney's Eyes Only" in accordance
with this Order.   The Receiving Party's counsel shall make reasonable efforts to
retrieve the materials promptly from persons not entitled to receive such Protected
Information as provided herein and to limit any further disclosure to unauthorized
persons. Any correspondence, summaries or notes prepared by the Receiving
Party relating to such materials shall thereafter be treated as "Confidential" or
"Highly Confidential - Attorney's Eyes Only", as the case may be.

## UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION

20.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment attached hereto as <u>Exhibit A</u>.

## FILING OF PROTECTED INFORMATION

21.     Protected Information shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions, or other related matters.  If Protected Information, including any portion of a deposition transcript designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is filed with the Court or included in any papers to be filed in Court, the Protected Information shall be submitted for filing under seal in compliance with the procedures set forth in the Federal Rules of Civil Procedure, Rule 5.2(f) and Central District Local Rule 79-5.1, and shall bear an appropriate legend stating that the information is subject to this Order, and shall not be opened except as directed by the Court.

## RETURN OF PROTECTED INFORMATION

22.     This Order shall survive the final termination of this action, to the extent that the Protected Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the Parties shall assemble and return to each other all documents, materials and deposition transcripts designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or shall certify the destruction thereof.  Provided that,

Outside Counsel may keep one complete set of the Protected Information for their records.  Materials in the custody of the Court and Court personnel are excepted from this paragraph.

### SCOPE OF DISCOVERY

23.    This Order does not entitle any Party to receive in discovery any information which is beyond statutory or case law or beyond the applicable rules of arbitration.  Nothing herein shall impose any restriction on the use, retention or disclosure by a Party of documents or information lawfully obtained by such Party independently of discovery proceedings herein, if such information is lawfully obtained from a third Party having the right to disclose such information.

### RESOLUTION OF DISPUTES

24.    A Party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  If a Party contends that any material is not entitled to confidential treatment, such Party may at any time give written notice to the Party who designated the material as Protected Information.  The Parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court or Arbitrator, by identifying the documents or other material in question and showing that a legitimate dispute exists by stating a good-faith reason, consistent with the purposes of this Order, for desiring to disclose or use said material in a way not permitted by this Order if said designation were to stand.  It shall then be the burden of the Party making the challenged designation to demonstrate that the designation is appropriate. Such application for relief from the Court may be made by noticed motion filed in accordance with Local Rules 37-1 et seq. or, if adequate justification exists to seek ex parte relief (see Mission

Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)), by ex parte application.

25. Notwithstanding any challenge to the designation of material as Protected Information, each document, written discovery response, deposition transcript, testimony or other information designated as containing Protected Information shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a. The Party who claims that the material contains Protected Information withdraws such designation in writing; or

    b. The Court or Arbitrator rules the material does not constitute or contain Protected Information.

**MISCELLANEOUS**

26. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

27. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

28. This Stipulated Protective Order is not intended to and shall not extend to documents and information obtained by a Party or a non-party witness independent of this action, even if copies or originals of the same documents or information constitute material subject to this Stipulated Protective Order disclosed or produced during discovery in this action and are designated as containing Protected Information. By way of example, if a Party receives in discovery a document which is designated as "Confidential" or "Confidential— Attorneys' Eyes Only," and, independent of this action, the Receiving Party had

1  the original or a copy of the same document that was not so designated, then the
2  Receiving Party would be bound by this Stipulated Protective Order with respect
3  to the copy designated as "Confidential" or "Confidential—Attorneys' Eyes
4  Only," but not with respect to the copy which was obtained independent of this
5  action.

6      29.    The terms and conditions of this Stipulated Protective Order shall
7  remain in full force and effect and shall survive even after the final resolution of
8  the action unless terminated or modified by written stipulation of the Parties, or by
9  Order of the Court.  The terms of this Stipulated Protective Order shall not govern
10 the trial of this case, which shall be conducted as ordered by the Court.  Protection
11 sought by any Party at trial shall be sought independently of this Stipulated
12 Protective Order.

13     30.    The Stipulation shall bind the Parties from the date of execution
14 thereof, prior to and in the absence of entry of a protective order by the Court.
15 This Stipulated Protective Order may be amended or modified by written
16 stipulation of the Parties or by order of the Court.

17     **PURPOSE OF ORDER**
18     31.    This Order is entered solely for the purpose of facilitating the
19 exchange of documents and information between the Parties to this Action
20 without involving the Court unnecessarily in the process.  Nothing in this Order
21 nor the production of any information or document under the terms of the Order
22 nor any proceedings pursuant to this Order shall be deemed to have the effect of
23 an admission or waiver by either Party or of altering the confidentiality or non-
24 confidentiality of any such document or information or altering any existing
25 obligation of any Party or the absence thereof.

26
27
28

ORDER ON STIPULATION                   Agit Global, Inc. et al. v. Sport Dimension, Inc. et al.
FOR PROTECTIVE ORDER                   Case No. CV10-05257 CAS (JCx)

The Court having considered the Stipulation for Protection of Confidential and Proprietary Information entered into between the Parties, and for good cause appearing therefore:

IT IS HEREBY ORDERED, that for good cause appearing, the Order on the Stipulation for Protection of Confidential and Proprietary Information is hereby granted.

IT IS SO ORDERED this 19th day of April, 2011

_____/s/_____
Hon. Jacqueline Chooljian
United States Magistrate Judge

ORDER ON STIPULATION
FOR PROTECTIVE ORDER

Agit Global, Inc. et al. v. Sport Dimension, Inc. et al.
Case No. CV10-05257 CAS (JCx)

17

# EXHIBIT A

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges: that he/she has read the Protective Order which was entered by the Court on _____, 2011 in connection with <u>Agit Global, Inc. et al. v. Sport Dimension, Inc. et al.</u>, U.S.D.C., Case No 09-cv-05257; that he/she is one of the persons contemplated in Paragraphs 14(b), 14(d), 16(b), 16(c) and 20, thereof as authorized to receive disclosure or information designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes' Only" by any of the Parties or by third parties; and that he/she fully understands and agrees to abide by the obligations of the Protective Order.

Dated: _____       _____
                                                                  (Signature)

                                                                  By:_____
                                                                  (Please print name)
ORDER ON STIPULATION
FOR PROTECTIVE ORDER

<u>Agit Global, Inc. et al. v. Sport Dimension, Inc. et al.</u>
Case No. CV10-05257 CAS (JCx)

18